Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ANDINO Q. OLGUÍN ARROYO Y OTROS<br><br>Recurridos<br><br>v.<br><br>AIRBNB, INC. Y OTROS<br><br>Peticionarios | TA2025CE00216 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm.:<br>SJ2023CV08009<br><br>Sobre:<br>Injunction permanente y otros |
| --- | --- | --- |

Panel integrado por su presidente el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.[1]

Mateu Meléndez, Jueza Ponente.

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 23 de septiembre de 2025.

El 30 de julio de 2025, Airbnb Ireland UC (Airbnb Ireland o peticionario) presentó una *Petición de Certiorari* en la que nos solicitó que revoquemos la *Resolución* emitida el 30 de junio de 2025, y notificada el 1 de julio del mismo año, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI). Mediante el referido dictamen, el foro primario reiteró su denegatoria a la solicitud de desestimación presentada por el peticionario de la causa de acción en su contra.[2]

Por los fundamentos que exponemos a continuación, denegamos expedir el auto de *certiorari* solicitado.

-I-

El 22 de agosto de 2023, Andino Q. Olguín Arroyo, Luisa A. Rosado Seijo, por sí y en representación de sus hijos menores ASOR y ACOR (en conjunto, parte recurrida) incoaron una *Demanda* en contra de, entre otros,

---

[1] Mediante OATA-2025-152 del 12 de agosto de 2025 se modifica la integración del Panel ya que el Juez Figueroa Cabán dejó de ejercer funciones como Juez del Tribunal de Apelaciones.
[2] SUMAC TA, Entrada Núm. 1, Apéndice Núm. 131.

Airbnb Inc., por daños y perjuicios e *injunction* permanente.[3] En síntesis, la parte recurrida arguyó que se ha visto privada del disfrute de su casa en la Urbanización Villa Dos Pinos, en San Juan, Puerto Rico, por el tránsito y presencia constantes de inquilinos desconocidos debido al alquiler a corto plazo de propiedades aledañas a su hogar en la referida urbanización.

Específicamente, indicó que, desde finales del año 2021, ha sufrido el comportamiento de turistas e inquilinos intoxicados quienes, según esgrimió, vomitan en el patio frontal de su residencia, orinan a plena luz del día en patios aledaños, manejan motoras a alta velocidad, consumen marihuana frente a su hogar, gritan en la madrugada, amanecen durmiendo en los bancos y escaleras del parque de la urbanización, entre otras cosas. Igualmente, sostuvo que ha tenido que soportar fiestas y peleas prolongadas entre los inquilinos. Asimismo, arguyó que, en más de una ocasión, ha intentado solicitarles a los inquilinos que regulen su comportamiento, pero las respuestas han sido ofensivas y amenazantes, por las cuales teme por su seguridad en adición a que se ha visto afectada por estados de nerviosismo, estrés y ansiedad.

De igual forma, esgrimió que la Urbanización Villa Dos Pinos está sujeta a un régimen de restricciones voluntarias, o servidumbres en equidad, que limitan el uso del terreno y edificaciones en la urbanización a uno estrictamente residencial, según fueron constituidas mediante el otorgamiento de la Escritura Pública Núm. 57, el 27 de junio de 1952, ante el notario José Vilá Ruiz. Además, indicó que el uso residencial exclusivo de las propiedades en la urbanización se encuentra igualmente establecido en el Reglamento General y Cláusulas Restrictivas de la Asociación de Titulares de la Urbanización Villa Dos Pinos, de 5 de junio de 2005.

Consecuentemente, solicitó al TPI que emitiera un interdicto permanente mediante el cual dictara el cese y desista de la promoción de

---

[3] SUMAC TA, Entrada Núm. 1, Apéndice Núm. 1.

las propiedades como negocios de alquiler a corto plazo, y ordenara, tanto a Airbnb Inc. como a los demás demandados, a respetar las restricciones voluntarias. Además, que los condenara al pago de $4,000,000.00 por concepto de daños y perjuicios.

Tras varios incidentes procesales, el 24 de marzo de 2025, Airbnb Inc., Airbnb Ireland y la parte recurrida presentaron un escrito intitulado *Estipulación*.[4] Esencialmente, informaron el desistimiento voluntario de la parte recurrida sobre la reclamación en contra de Airbnb Inc., y la sumisión voluntaria de Airbnb Ireland a los procedimientos. En ese sentido, se acordó que las alegaciones esbozadas en contra de Airbnb Inc. serían dirigidas únicamente en contra del peticionario. Sobre lo anterior, el 25 de marzo de 2025, el foro primario emitió y notificó una *Sentencia Parcial* a través de la cual impartió su aprobación.[5]

El 24 de abril de 2025, el peticionario presentó una *Moción de Desestimación Parcial*.[6] Esencialmente, arguyó que, tomando como ciertos los hechos bien alegados de la *Demanda* instada, no podía sostenerse que causó los daños planteados y que respondía por los actos alegados por la parte recurrida. Abundó, que las restricciones voluntarias no le son aplicables toda vez que no es titular de las propiedades en cuestión ni es futuro adquirente de éstas. Asimismo, expuso que no es parte en los contratos de alquiler a corto plazo pactados entre los titulares de las propiedades y los inquilinos, de modo que no tiene obligación de prevenir y manejar las violaciones en las que terceros incurran. Más bien, limitó su rol contractual a proporcionar y operar la plataforma a través de la cual dichos titulares promocionan sus ofertas de alojamiento.

Adicionalmente, hizo referencia a la *Sentencia* emitida en <u>Olguín Arroyo y otros v. Airbnb Payments, Inc. y otros</u>, KLAN202400159 (18 de

---

[4] SUMAC TA, Entrada Núm. 1, Apéndice Núm. 110.
[5] SUMAC TPI, Entrada Núm. 111.
[6] SUMAC TA, Entrada Núm. 1, Apéndice, Núm. 115.

abril de 2024), a través de la cual resolvimos que Airbnb Payments, Inc., entidad originalmente co-demandada, no respondía por los daños alegados porque era un intermediario que procesaba los pagos de alquiler a corto plazo. En dicha *Sentencia*, determinamos que los supuestos daños se derivan de la decisión de los titulares de alquilar las propiedades a través de la plataforma de Airbnb, Inc., sobre la cual Airbnb Payments, Inc. no tiene inherencia alguna y, por consiguiente, no podía considerarse parte indispensable en el pleito de epígrafe.[7] Sobre ello, el peticionario planteó al TPI que el mismo raciocinio que aplicamos para Airbnb Payments, Inc. debía aplicarlo para Airbnb Ireland.

De igual forma, indicó que en Asociación de Titulares Urbanización Villa Dos Pinos v. Rivera Pérez y otros, Civil Núm. SJ2021CV07063 (508) (TPI, San Juan, radicado el 27 de octubre de 2021), la Asociación de Residentes de la Urbanización Villa Dos Pinos entabló un pleito de *injunction* permanente e incumplimiento de restricciones voluntarias, en el que estaba pendiente una solicitud de sentencia sumaria parcial para que la Sala Superior del TPI que atiende dicho caso, declarara la violación de las servidumbres en equidad. En ese sentido, expuso que ya se encontraban en marcha los mecanismos adecuados para dicha determinación, por lo que la presencia de Airbnb Ireland era innecesaria en el asunto de autos y en cualquier otro.

En respuesta, el 20 de mayo de 2025, la parte recurrida presentó una *Oposición a Moción de Desestimación Parcial presentada por Airbnb Ireland UC*.[8] En síntesis, adujo que los acuerdos suscritos entre Airbnb Ireland y los titulares de las propiedades no fueron presentados de modo que no se podían tomar en consideración para adjudicar la controversia. No obstante,

---

[7] Destacamos que el caso Olguín Arroyo y otros v. Airbnb Payments, Inc. y otros, KLAN202400159 (18 de abril de 2024) fue un recurso de apelación originado del asunto de epígrafe. En aquella ocasión, la parte recurrida acudió ante nos para que revisáramos la *Sentencia Parcial* emitida por el TPI mediante la cual desestimó la causa de acción presentada en contra de Airbnb Payments, Inc. *Véase* SUMAC TPI, Entrada Núm. 30.
[8] SUMAC TA, Entrada Núm. 1, Apéndice Núm. 123.

esgrimió que parte del origen de los daños alegados es de naturaleza extracontractual, por lo que los acuerdos suscritos entre el peticionario y los titulares no condicionaban su derecho a exigir la reparación de agravios.

En adición, señaló que la obligación jurídica que se le imputa al peticionario surgió tan pronto éste le requirió prueba a la parte recurrida de los problemas sufridos, de modo que generó la expectativa de resolver dichos problemas. En ese sentido, sostuvo que su reclamo versa en que Airbnb Ireland tomó acciones insuficientes y tardías para resolverlos.

Por otro lado, arguyó que el contrato del peticionario revela que ejerce el poder de supervisión sobre todo lo que ocurre en su plataforma de internet. Sobre ello, planteó que su alegación versa sobre los ofrecimientos que Airbnb Ireland publica en su plataforma, los cuales contravienen las servidumbres en equidad de la urbanización. Cónsono con ello, rechazó el planteamiento de que éstas no le son aplicables al peticionario toda vez que su eficacia es *erga omnes* una vez se constituyen al inscribirse en el Registro de la Propiedad.

Además, reiteró que Airbnb Ireland, aun teniendo conocimiento de los daños sufridos y de la existencia de las restricciones voluntarias, continúa lucrándose del negocio de alquiler a corto plazo en la urbanización. En cuanto al pleito civil aludido, indicó que el peticionario ni la parte recurrida son partes en el asunto y que allí no se alegan los mismos daños aducidos en el caso de marras.

Justipreciadas ambas posturas, el foro *a quo* emitió y notificó el 26 y 27 de mayo de 2025, respectivamente, una *Resolución* en la que denegó el petitorio de desestimación de Airbnb Ireland.[9] En esencia, razonó que, para resolver la solicitud de desestimación, no le correspondía evaluar el valor probatorio de las alegaciones. Más bien, si la parte recurrida podía obtener un remedio, de probarse los hechos alegados. Siendo así, concluyó que,

---

[9] SUMAC TA, Entrada Núm. 1, Apéndice Núm. 125.

efectivamente, la *Demanda* exponía una reclamación que justificaba la concesión de un remedio.

No conforme, el 11 de junio de 2025, Airbnb Ireland presentó una *Moción de Reconsideración*.[10] En esencia, señaló que el TPI no aplicó el derecho a los hechos aducidos en la *Demanda* y, además de reiterar los planteamientos esgrimidos en su solicitud de desestimación, expuso que no figura como arrendatario ni arrendador de las propiedades, sino que su contrato es sobre el uso de la plataforma de internet a través de la cual se publican los alquileres, de manera que no se le puede imputar responsabilidad por los daños reclamados.

También, subrayó que las restricciones voluntarias se constituyen para restringir las facultades de un futuro adquirente, quien acepta someterse a ellas, y de los titulares de las propiedades. En ese sentido, indicó que no le son aplicables las servidumbres en equidad por cuanto no es tercero adquirente ni titular de las propiedades gravadas. Añadió que la controversia adolece de academicidad y, por tanto, no es justiciable porque las propiedades que se mencionan en la *Demanda* ya no se encuentran alquiladas a corto plazo. Cónsono con ello, planteó que solicitar un remedio sobre un futuro listado de alquileres sería pedir que se atendiera una controversia hipotética.

Ante ello, el 27 de junio de 2025, la parte recurrida presentó una *Oposición a Moción de Reconsideración Presentada por Airbnb Ireland UC*.[11] Además de reiterar los planteamientos esbozados en su oposición a la solicitud de desestimación, señaló que el petitorio de reconsideración incluía planteamientos jurídicos y fácticos que no fueron esbozados en la solicitud de desestimación, de manera que no cumplía con las Reglas de Procedimiento Civil.

---

[10] SUMAC TA, Entrada Núm. 1, Apéndice Núm. 126.
[11] *Íd.*, Apéndice Núm. 130.

Así las cosas, el 30 de junio de 2025, el TPI emitió una *Resolución*, notificada el 1 de julio del mismo año, en la que declinó reconsiderar su dictamen.[12]

Aún inconforme, el 30 de julio de 2025, Airbnb Ireland acudió ante nos mediante una *Petición de Certiorari* en la que señaló al foro *a quo* por la comisión de los siguientes errores:

> ERRÓ EL HONORABLE TPI AL NO APLICAR EL DERECHO Y RESOLVER LOS MÉRITOS DE LA CONTROVERSIA RELACIONADA A AIRBNB, CONFORME EL ESTÁNDAR DE LA MOCIÓN DE DESESTIMACIÓN, LUEGO DE DAR POR CIERTOS LOS HECHOS DE LA DEMANDA.
>
> ERRÓ EL TPI AL NO ADJUDICAR SI AIRBNB TIENE UN DEBER JURÍDICO DE GARANTIZAR QUE TERCEROS PROPIETARIOS (ANFITRIONES) CUMPLAN CON SERVIDUMBRES EN EQUIDAD, UN CONTRATO DEL CUAL AIRBNB NO ES PARTE.
>
> ERRÓ EL TPI AL NO ADJUDICAR QUE AIRBNB NO ES PARTE DE LOS CONTRATOS DE ALQUILER A CORTO PLAZO, CONFORME EL DERECHO APLICABLE.
>
> ERRÓ EL TPI AL NO ADJUDICAR SI EXISTE UN NEXO CAUSAL ENTRE AIRBNB Y LOS ACTOS CAUSANTES DE LOS DAÑOS RECLAMADOS CONFORME EL DERECHO APLICABLE.[13]

En adición, presentó una *Moción en Solicitud de Paralización de los Procedimientos ante el TPI*.[14] Sostuvo que, toda vez que entendía que existen fundamentos en derecho suficientes para desestimar la causa de acción en su contra, no era justo someterlo a la continuación de los procedimientos ante el foro primario mientras se dilucidaren los procedimientos ante esta Curia por cuanto ello le causaría pérdida de tiempo, esfuerzo y gastos en trámites de descubrimiento de prueba. Por lo tanto, solicitó que paralizáramos los procesos ante el TPI en cuanto a Airbnb Ireland exclusivamente.

Ese mismo día, emitimos y notificamos una *Resolución* en la que concedimos hasta el 11 de agosto de 2025 a la parte recurrida para que

---

[12] SUMAC TA, Entrada Núm. 1, Apéndice Núm. 131.
[13] *Íd.*, Entrada Núm. 1.
[14] *Íd.*, Entrada Núm. 2.

expresara su posición en cuanto a la solicitud de paralización de los trámites procesales y el recurso de *certiorari* en sus méritos.[15]

El 11 de agosto de 2025, la parte recurrida presentó un *Memorando en Oposición a la Expedición del Auto de Certiorari presentado por Airbnb Ireland UC* y una *Oposición a "Solicitud de Paralización de los Procedimientos ante el TPI" presentado por Airbnb Ireland UC*.[16] Mediante *Resolución*, emitida y notificada el 13 de agosto de 2025, declaramos *no ha lugar* a la solicitud de paralización de los procedimientos.[17]

Con el beneficio de la comparecencia de ambas partes, así como del expediente ante nos, procedemos a disponer del asunto no sin antes exponer el marco jurídico aplicable.

-II-

El vehículo procesal de *certiorari* le permite a un tribunal de mayor jerarquía revisar las órdenes o resoluciones interlocutorias emitidas por un tribunal inferior. Rivera et al. v. Arcos Dorados et al., 212 DPR 194, 195 (2023) (citando a McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021)). La característica distintiva del recurso de *certiorari* descansa en la discreción encomendada al Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd.* De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016). Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd.*

Ahora bien, en los procesos civiles, los preceptos que regulan la expedición de un auto de *certiorari* se encuentran en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. Rivera et al. v. Arcos Dorados

---

[15] SUMAC TA, Entrada Núm. 4.
[16] *Íd.*, Entradas Núm. 5 y 6.
[17] *Íd.*, Entrada Núm. 8.

et al., *supra*, a las págs. 207-208. Sobre ello, la referida regla dispone, en lo

pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediablemente de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Regla 52.1 de Procedimiento Civil, *supra*.

El examen para determinar si procede expedir un auto de *certiorari*

no se da en el vacío o en ausencia de otros parámetros. Torres González v.

Zaragoza Meléndez, 211 DPR 821, 824 (2023). A esos efectos, la Regla 40 del

Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob.*

*Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ___ (2025), señala los

criterios que debemos tomar en consideración al evaluar si procede expedir

el auto de *certiorari*. La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita
un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio, como tampoco constituye un listado exhaustivo. García v. Padró, 165 DPR 324, 327 (2005).

De otra parte, estos factores pautan el ejercicio sabio y prudente de la facultad discrecional judicial. Mun. de Caguas v. JRO Construction, 201 DPR 703, 712 (2019). La delimitación que imponen estas disposiciones reglamentarias tiene como propósito "evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación." Scotiabank v. ZAF Corp. et al., 202 DPR 478, 486-487 (2019); Mun. de Caguas v. JRO Construction, *supra*.

-III-

En el asunto ante nos, Airbnb Ireland recurre de la *Resolución* dictada por el TPI mediante la cual reiteró denegar su petitorio de desestimación del peticionario. Esencialmente, alude que el foro *a quo* incidió al no adjudicar si Airbnb Ireland tiene una responsabilidad de garantizar que los titulares de las propiedades que se alquilan a corto plazo cumplan con las restricciones voluntarias sobre las referidas propiedades, gravámenes que, además, rechaza tengan eficacia sobre sí. Asimismo, señala que el foro primario erró por no resolver que Airbnb Ireland no forma parte de los contratos de alquiler a corto plazo entre los propietarios y los inquilinos e imputa el error de no adjudicar si existe un nexo causal entre las causas de los daños alegados por la parte recurrida y Airbnb Ireland.

Como vimos, por cuanto se recurre de la denegatoria de una moción de carácter dispositivo, estamos facultados, conforme a la Regla 52.1 de Procedimiento Civil, *supra*, para, dentro del ejercicio de nuestra sana discreción, revisar la determinación del foro primario mediante un recurso de *certiorari*. Sin embargo, habiendo examinado la totalidad del expediente, así como las posturas de ambas partes, no encontramos que el foro *a quo*

haya errado y, consecuentemente, que tengamos que intervenir con su dictamen. Más bien, somos del criterio que el foro primario realizó el examen adecuado, conforme a la normativa jurídica requerida para evaluar una solicitud de desestimación bajo el fundamento de que la demanda no justifica la concesión de un remedio.

Como es sabido, al ejercer dicho análisis "los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda y, además, deben considerarlos de la manera más favorable a la parte demandante." Rodríguez Vázquez y otros v. Hospital Español Auxilio Mutuo, 2025 TSPR 55, 215 DPR ___ (2025), a la pág. 10 (negrillas omitidas); López García v. López García, 200 DPR 50, 69-70 (2018); Rivera Sanfeliz et al. v. Jta. Dir. FirstBank, 193 DPR 38, 49 (2015); Ortiz Matías et al. v. Mora Development, 187 DPR 649, 654 (2013). En ese sentido, no deberá desestimarse la reclamación si, a base de la veracidad concedida a los hechos bien alegados, la demanda establece una reclamación plausible que justifique la concesión de un remedio. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Igualmente, no identificamos presente alguno de los factores enunciados en la Regla 40 de nuestro Reglamento, *supra*, para determinar la expedición del auto de *certiorari*. En ese sentido, no encontramos que la decisión recurrida sea contraria a derecho, ni que en esta haya mediado prejuicio o parcialidad por parte del TPI, o que la expedición del auto evite el fracaso a la justicia, o cualquiera de los otros elementos mencionados en la referida regla. De igual forma, estimamos que la etapa procesal en la que se encuentra el caso no es la más propicia para dirimir las controversias planteadas ante nos. En consecuencia, declinamos intervenir con el dictamen recurrido.

Cabe destacar, que la denegatoria del recurso discrecional de *certiorari* no prejuzga los méritos de la controversia que en este se plantea.

Conforme adelantamos, procede denegar el auto de *certiorari* solicitado y devolver el asunto al Tribunal de Primera Instancia para la continuación de los procedimientos.

-IV-

Por todos los fundamentos previamente expuestos, **denegamos** expedir el auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones